FILED

IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

98 JAN -9 AM 9: 37

U.S. DISTRICT COURT
N.D. OF ALABAMA

| | | |
|---|---|---|
| EVELYN WELLS, | ) | |
| PLAINTIFF, | ) | |
| VS. | ) | CV-97-H-710-NE |
| WAL-MART STORES, INC., | ) | |
| DEFENDANT. | ) | |

ENTERED

JAN - 9 1998

## MEMORANDUM OF DECISION

On November 17, 1997, defendant Wal-Mart Stores, Inc. ("Wal-Mart") filed a motion seeking summary judgment in its favor on all of plaintiff's claims. Pursuant to the court's November 18, 1997 order, the motion was deemed submitted, without oral argument, to the court for decision as of December 16, 1997. Wal-Mart filed a brief in support of its motion on November 17, 1997 and as evidence in support of the motion attached the depositions of plaintiff, Lee Tarode, Wanda Durham and Allen Coon to its motion.

Plaintiff submitted its opposition to the motion for summary judgment on December 9, 1997, including depositions, other discovery materials and an affidavit by plaintiff.[1] By its December 16, 1997 motion, Wal-Mart seeks to strike plaintiff's affidavit based on its failure to meet the Daubert test for

---

[1] Plaintiff submitted defendant's Rule 26.1 disclosures; defendant's Response to Plaintiff's Interrogatories, defendant's Interrogatories to Plaintiff along with the answers by plaintiff; plaintiff's affidavit; and the depositions of plaintiff, Allen Coon, Wanda Durham, Clair Michael Cantrell, and Lee Tarode. See December 9, 1997 Submission by Plaintiff.

34

admissible scientific testimony. The <u>Daubert</u> analysis is immaterial to this evidence. The court will overrule defendant's motion to strike and consider plaintiff's affidavit in connection with the motion for summary judgment.

Although the court has determined that plaintiff's test and its results (as described by the affidavit) has some minimal relevance, there is a strong likelihood that such evidence would not be allowed a trial, pursuant to Rule 403, based on the confusion surrounding the unknown degree of dissimilarity between the conditions of the test and those of the actual melting incident.[2] Additionally, plaintiff would not be qualified to provide any scientific opinions concerning the results of the test.

## I. BACKGROUND

### A. Procedural Background

Plaintiff commenced this action by filing a complaint in the Circuit Court of Madison County, Alabama on February 13, 1997, asserting that Wal-Mart negligently failed to warn plaintiff an/or remove from the floor of its Huntsville store a substance

---

[2] For instance there is insufficient evidence as to factors that could affect melting time, such as: (1) the identity of the actual substance on the floor at the Huntsville Wal-Mart Store (i.e. whether it was actually melted ice cream) and its similarity to the ice cream used by plaintiff; (2) the temperature of the Huntsville Wal-Mart Store at the time of the incident; (3) the temperature or thawing status of the substance when dropped on the Wal-Mart floor; and (4) similarities and differences between plaintiff's linoleum floor and the Wal-Mart store's tile floor.

that caused plaintiff to fall and suffer certain injuries.[3] On March 20, 1997 Wal-Mart removed plaintiff's action to this court, based on diversity jurisdiction pursuant to 28 U.S.C. § 1332.

B. **Factual Background**

The following material facts are undisputed. On September 12, 1995 at approximately 12:40 p.m. plaintiff was walking down an aisle in the hardware section of the Huntsville Wal-Mart store located on Drake Avenue (the "Huntsville Wal-Mart Store"). See Wells depo. at 20, 47-51; Plaintiff's Ex.1, p.3; Tarode depo. at 25. After entering the aisle, plaintiff passed another customer and then fell onto the floor. See Wells depo. at 63-65. Prior to her fall, plaintiff had not observed any substances on the floor and had not heard anything from any other persons about any substance on the floor. Id. at 61-62, 65-66, 69.

After her fall, plaintiff saw a cream colored substance on the floor with one slide mark in the puddle. Id. at 68-71. The substance occupied an area that was smaller in size than a dinner plate.[4] Id. at 74. There were no buggy marks or footprints leading to or away from the puddle. Id. at 71.

On the date of plaintiff's fall, Lee Tarode served as the

---

[3] On August 8, 1997 plaintiff amended her complaint to add a separate count asserting Wal-Mart's negligence in failing to discover the substance on the floor. The court does not view this amendment as truly asserting any new claim, but simply alleging a more specific type of negligence.

[4] Wanda Durham and Allen Coon, the Wal-Mart employees who saw the puddle, described the area as three to four inches across with a slide mark coming out of it. See Durham depo. at 24; Coon depo. at 51-52.

Hardware Department Manager at the Huntsville Wal-Mart Store. See Tarode depo. at 8. Tarode "zoned" his department or was "zone defensing" the area[5] by walking its aisles and checking the floor anytime when he was not assisting a customer. Id. at 11. Tarode had zoned his aisles, including the one where plaintiff fell, after he returned from lunch at 12:00 p.m. on September 12, 1995 and found no food substance or anything else on the floor. Id. at 32, 42-44.

Wanda Durham, a Wal-Mart employee who was working in the domestics department, passed by the aisle where the incident occurred when a customer asked Durham if she "could help another lady that had almost fell." See Durham depo. at 9, 18. Durham then walked over the plaintiff, who was leaning against the counter. Id. at 18. Durham asked plaintiff if she was alright, provided plaintiff a chair to sit on and used the store speaker system to signal a "Code White to hardware," which is a request for the assistant manager. Id. at 19-20. Allen Coon, the Wal-Mart Assistant Manager Trainee, appeared in the aisle where the incident occurred with in a few seconds or a minute. Id.

While Coon was talking with plaintiff, Durham cleaned the substance off the floor with paper towels. Id. at 21. She described the substance as "glistening" like ice cream or some

---

[5] Wal-Mart Department Managers are trained to constantly walk up and down the aisles in their department zoning, which includes picking up anything on the floor and cleaning up. See Coon depo. at 16. "Zone defensing" is a term used by Wal-Mart to describe the process of making certain that an area is straight, orderly, neat, clean and organized. See Cantrell depo. at 12.

4

kind of dairy product. Id. at 21-22; see also Coon depo. at 18, 36. According to Durham, when she wiped the area up it was wet and sticky. Id. at 50.

There were no containers in the floor of the aisle. See Coon depo. at 62. There were no groceries or dairy products sold at the Huntsville Wal-Mart store. Id. at 37, 52. The Huntsville Wal-Mart store did not sell any substance similar to the product on the floor. Id. at 36-37. Employees are not allowed to have food inside the store. Id. at 52. Yet, customers were permitted to bring food or drink to the store at the time of this incident. Id. at 36; see also Cantrell depo. at 19. Therefore, the substance was likely from food or drink brought in by a customer. Id. at 52.

Prior to plaintiff's incident, there had been no report to Wal-Mart about any substance in the floor of the hardware department of the Huntsville store. Id. at 68. Plaintiff admitted in her deposition that neither Durham or Coon said anything that lead her to believe they knew about the presence of the substance on the floor or that the spill had been reported prior to her fall. See Wells depo. at 85, 92.

## II. LEGAL ANALYSIS

### A. Summary Judgment Standard

Under Fed. R. Civ. P. 56(c), summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that

the moving party is entitled to judgment as a matter of law." See Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). The party asking for summary judgment always bears the initial responsibility of informing the court of the basis for its motion, and identifying those portions of the pleadings or filings, which it believes demonstrate the absence of a genuine issue of material fact. Celotex, 477 U.S. at 323. Once the moving party has met his burden, Rule 56(e) requires the nonmoving party to go beyond the pleadings and by his own affidavits, or by the depositions, answers to interrogatories, and admissions of file, designate specific facts showing that there is a genuine issue for trial. Celotex, 477 U.S. at 324.

The substantive law will identify which facts are material and which are irrelevant. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). All reasonable doubts about the facts and all justifiable inferences are resolved in favor of the nonmovant. Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1115 (11th Cir. 1993). A dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted. Id. at 249.

The method used by the party moving for summary judgment to discharge its initial burden depends on whether that party bears the burden of proof on the issue at trial. See Fitzpatrick, 2 F.3d at 1115-17 (citing United States v. Four Parcels of Real

Property, 941 F.2d 1428 (11th Cir. 1991)(*en banc*)). If the moving party bears the burden of proof at trial, then it can only meet its initial burden on summary judgment by coming forward with positive evidence demonstrating the absence of a genuine issue of material fact; i.e. facts that would entitle it to a directed verdict if not controverted at trial. Fitzpatrick, 2 F.3d at 1115. Once the moving party makes such a showing, the burden shifts to the nonmoving party to produce significant, probative evidence demonstrating a genuine issue for trial.

If the moving party does not bear the burden of proof at trial, it can satisfy its initial burden on summary judgment in either of two ways. First, the moving party may produce affirmative evidence negating a material fact, thus demonstrating that the nonmoving party will be unable to prove its case at trial. Once the moving party satisfies its burden using this method, the nonmoving party must respond with positive evidence sufficient to resist a motion for directed verdict at trial.

The second method by which the moving party who does not bear the burden of proof at trial can satisfy its initial burden on summary judgment is to **affirmatively** show the absence of any evidence in the record in support of a judgment for the nonmoving party on the issue in question. This method requires more than a simple statement that the nonmoving party cannot meet its burden at trial but does not require evidence negating the nonmovant's claim; it simply requires the movant to point out to the district court that there is an absence of evidence to support the

7

nonmoving party's case. <u>Fitzpatrick</u>, 2 F.3d at 1115-16. If the movant meets its initial burden by using this second method, the nonmoving party may either point to evidence in the court record, overlooked or ignored by the movant, sufficient to withstand a directed verdict, or the nonmoving party may come forward with additional evidence sufficient to withstand a directed verdict motion at trial based on the alleged evidentiary deficiency. However, when responding, the nonmovant can no longer rest on mere allegations, but must set forth evidence of specific facts. <u>Lewis v. Casey</u>, ___ U.S. ___, 116 S.Ct. 2175 (1996).

### B.  **Analysis of Plaintiff's Negligence Claims**

For purposes of this motion, the court will assume that plaintiff was a business invitee of Wal-Mart and that she fell due to the presence of a wet substance on the floor at the Huntsville Wal-Mart Store. As its basis for summary judgment, Wal-Mart asserts that plaintiff has produced no evidence that Wal-Mart or any Wal-Mart employee was guilty of negligence.

The Alabama Supreme Court has clearly established the applicable legal standards for slip and fall cases involving business invitees:

> [t]he rule of law for cases such as this is that there is a duty upon all storekeepers to exercise reasonable care in providing and maintaining a reasonably safe premises for the use of their customers. The storekeeper is not an insurer of the customers' safety but is liable for injury only in the event he negligently fails to use reasonable care in maintaining his premises in a reasonably safe condition. No presumption of negligence arises from the mere fact of injury to the customer. The burden rests upon the plaintiff to show that the injury was proximately caused by the negligence of the storekeeper or one of

8

its servants or employees.
McCombs v. Bruno's, Inc., 667 So.2d 710, 712 (Ala. 1995)(*quoting* Cash v. Winn-Dixie Montgomery, 418 So.2d 874, 876 (Ala.1982)). The plaintiff must present significant, probative evidence that "the owner knew, or should have known, of the defective condition of its floor, before the injury occurred, and knew of its for a length of time sufficient for a reasonable person to conclude that the owner could have corrected the condition." McCombs v. Bruno's, Inc., 667 So. 2d 710, 712 (Ala. 1995). Wal-Mart asserts that the undisputed factual evidence demonstrates an absence of either actual or constructive knowledge by Wal-Mart of the substance on the floor in the Hardware Department of the Huntsville Wal-Mart Store.

Plaintiff has presented no evidence that would indicate any notice by a Wal-Mart employee of the dangerous condition of the floor in the aisle where plaintiff fell prior to her accident. It is undisputed that prior to plaintiff's fall no one had reported the spill on the floor of the hardware aisle to Wal-Mart. See Coon depo. at 68. Furthermore, Tarode, the Wal-Mart department manager responsible for the area, testified that he had "zoned" that area after 12:00 p.m. on the day of the accident, no more than 40 minutes before the incident, and saw no substance on the floor in that aisle. See Tarode depo. at 32, 44. Plaintiff admitted in her deposition that in her discussions with Wal-Mart employees nothing was said to indicate that they had prior knowledge or had been notified about the spill prior to

9

her fall. See Wells depo. at 85, 92. Based on the foregoing, plaintiff has failed to present any evidence that Wal-Mart had actual knowledge of the dangerous condition of the floor prior to her fall.

Alternatively, plaintiff may establish negligence by proving that the spill existed for a length of time sufficient for a reasonable store owner to discover the area and correct it. In other words, Wal-Mart can be found negligent where based on the factual evidence it should have discovered the spill and corrected it, but failed to do so. McCombs, 667 So. 2d at 712; Maddox v. K-Mart Corp., 565 So. 2d 14 (Ala. 1990). According to Tarode's testimony, there was no substance on the floor in the aisle where plaintiff fell when he zoned that area after 12:00 p.m. that day. See Tarode depo. at 32, 44. Plaintiff did not see the substance on the floor prior to her fall. See Wells depo. at 69. Furthermore, the evidence indicates that the area was still wet rather than dry and had no footprints or buggy marks leading to and away from the puddle. Id. at 71, 80. Plaintiff admits that she does not know how long the substance had been on the floor. Id. at 69-70. Her only evidence concerning the length of time during which the substance remained on the floor is her own experiment or test as documented by her affidavit. See Wells Affidavit. However, due to obvious reliability and similarity problems concerning the conditions of the test and the conditions present on the day of the accident, the court concludes that the evidence supplied by the affidavit is of

minimal relevance, as well as questionable credibility, and thereby insufficient to meet plaintiff's burden of proving Wal-Mart's constructive knowledge of the dangerous condition of the floor or more specifically that Wal-Mart was negligent or delinquent in discovering and removing the substance. See Footnote 2 supra.

Even when viewing all evidence in the light most favorable to plaintiff, she had failed to meet her burden of proving that Wal-Mart was negligent in relation to the substance on its floor on the date of her accident. The absence of evidence sufficient to support any breach of a duty by Wal-Mart, coupled with Wal-Mart's strong evidence negating any possibility of actual and constructive knowledge renders summary judgment proper in this case. No issues of material fact remain.

Based on the foregoing, defendant's motion for summary judgment is due to be granted as to all of plaintiff's claims. A separate order will be entered.

DONE this 9th day of January, 1998.

James H. Hancock
SENIOR UNITED STATES DISTRICT JUDGE